J-S39038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RALPH D. SHELLENHAMER | : | |
| | : | |
| Appellant | : | No. 1844 MDA 2017 |

Appeal from the PCRA Order November 1, 2017
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0001035-2012

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 22, 2018**

Ralph D. Shellenhamer ("Shellenhamer"), *pro se*, appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the relevant procedural history underlying this appeal as follows:

> On July 11, 2014, [Shellenhamer] appeared before the [trial court] for a Probation Violation Hearing ("PV Hearing"), at which time [Shellenhamer] was found to be in violation of the terms of his probation on Docket Numbers 5460-2010 [(hereinafter "No. 5460-2010")] and 1035-2012 [(hereinafter "No. 1035-2012")]. Following the PV Hearing, [Shellenhamer's] sentence was deferred to allow for a Pre-Sentence Investigation [] report. On October 7, 2014, a sentencing hearing was held, and [Shellenhamer] was sentenced as follows:
>
> **[No.] 5460-2010**
>
> Count 1 Retail Theft – Probation revoked, 1½ - 3 years' incarceration;

**[No.] 1035-2012**

> Count 1 Terrorist[ic] Threats – Probation revoked, 1½ - 3 years' incarceration;
>
> Count 2 Terrorist[ic] Threats – Probation revoked, 1½ - 3 years' incarceration.
>
> [Shellenhamer's] sentence on Count 1 of [] No. 1035-2012 was made to run consecutive to [No.] 5460-2010, while [his] sentence on Count 2[,] on [] No. 1035-2012[,] was made to run consecutive to Count 1 on [No.] 1035-2012. [Shellenhamer's] aggregate sentence on his probation violations was not less than four and one-half (4½) nor more than nine (9) years' incarceration.
>
> [Shellenhamer] filed a Post-Sentence Motion to Modify Sentence on October 17, 2014, as well as an additional Post-Sentence Motion on October 28, 2014, and Supplemental Post-Sentence Motion on December 18, 2014. The [trial] court denied [Shellenhamer's] Motions …. [Shellenhamer] filed a Notice of Appeal to the Superior Court on February 18, 2015. … [H]owever, on November 12, 2015, [his] appeal was quashed as untimely. An Application for Reargument was filed on November 25, 2015, which the Superior Court denied on January 1, 2016.

PCRA Court Pa.R.Crim.P. 907 Notice, 10/20/17, at 1-2 (footnotes omitted).

On January 3, 2017, Shellenhamer filed a *pro se* PCRA Petition, arguing that his prior counsel had rendered ineffective assistance for failing to timely file a requested direct appeal.[1] The PCRA court appointed Shellenhamer PCRA counsel, who thereafter sought leave to withdraw her representation pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and

---

[1] Shellenhamer also raised two other issues, but neither was cognizable for having been previously litigated. **See** PCRA Court Pa.R.Crim.P. 907 Notice, 10/20/17, at 4 n.11; **see also** 42 Pa.C.S.A. § 9543(a)(3).

***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 5, 2017, Shellenhamer filed a *pro se* Amended PCRA Petition.

On October 20, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice. Therein, the court (1) announced its intent to dismiss Shellenhamer's PCRA Petition as being untimely and not subject to any of the statutory time-bar exceptions; and (2) granted PCRA counsel leave to withdraw. Shellenhamer then filed a *pro se* Response to the Rule 907 Notice, asserting that the PCRA court had the inherent authority, and obligation, to correct a patent illegality in his sentence.[2] On November 1, 2017, the PCRA court entered an Order dismissing the PCRA Petition, after which Shellenhamer filed a timely Notice of Appeal.

Shellenhamer now presents the following issue for our review: "Did the [PCRA] court abuse its discretion and deny [Shellenhamer] the enjoyment of the time-honored inherent power of the court to correct a patent error despite the absence of traditional jurisdiction[?]" Brief for Appellant at 2 (capitalization omitted).

---

[2] In support, Shellenhamer cited to the decision in ***Commonwealth v. Holmes***, 933 A.2d 57 (Pa. 2007), wherein our Supreme Court held that a trial court possesses the inherent jurisdiction to correct "patent and obvious mistakes" in the absence of statutory jurisdiction under 42 Pa.C.S.A. § 5505 (affording a trial court authority to modify or rescind an order within 30 days after its entry if no appeal has been taken). ***See Holmes***, 933 A.2d at 66-67.

We begin by noting our well-settled standard of review: "In reviewing the [dismissal] of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition that is not filed within one year of the date the judgment becomes final is time-barred, unless the petitioner has pled and proven one of the three exceptions to the PCRA's time limitation set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Finally, relevant to the instant appeal, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Holmes***, 933 A.2d at 60 (citation omitted).

Shellenhamer's instant PCRA Petition is facially untimely, as he filed it over two years after his judgment of sentence became final, in November

2014. In his brief,[3] Shellenhamer does not contend that he met any of the timeliness exceptions to the PCRA's jurisdictional time bar. Indeed, he concedes that the PCRA court lacked "traditional jurisdiction" to correct his purportedly illegal sentence. Brief for Appellant at 2. Nevertheless, Shellenhamer argues that pursuant to **Holmes**, **supra**, the PCRA court had the power to correct the obvious illegality of his sentence,[4] despite being divested of jurisdiction. **See** Brief for Appellant at 4.

Even if, *arguendo*, there was an obvious illegality in Shellenhamer's sentence (which claim is belied by the record, in any event), the PCRA court would not have had jurisdiction to consider Shellenhamer's claim due to the untimeliness of his PCRA Petition. **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (recognizing that although there is "limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under [42 Pa.C.S.A. §] 5505; it [does] not establish an alternate

---

[3] We note our disapproval of the underdeveloped Argument section of Shellenhamer's brief, which consists of merely two sentences and contains no citation to the record. **See Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*) (stating that this Court will not develop an argument for an appellant and that the failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119); **see also Commonwealth v. Kearney**, 92 A.3d 51, 66-67 (Pa. Super. 2014) (noting it is not the responsibility of this Court to scour the record to find evidence to support an argument).

[4] Shellenhamer believes that his probation revocation sentence is illegal because he "was on parole at the time of his March 22, 2014 violation[,]" and his "term of probation was not yet imposed." Brief for Appellant at 3.

remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA."). Indeed, though the **Jackson** Court acknowledged the holding in **Holmes**, the panel nevertheless held that "we have found no authority wherein the appellate courts of this Commonwealth have recognized a PCRA court's inherent jurisdiction to consider a claim filed after the expiration of the PCRA filing period." **Jackson**, 30 A.3d at 519.

Accordingly, Shellenhamer's sole issue on appeal entitles him to no relief, and the PCRA court did not err in dismissing his first PCRA Petition as being untimely. **See id.** at 522-23.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/22/2018